IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY BROWN, #K04318, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-01401-SMY |
| | ) |
| STATE OF ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff Anthony Brown, formerly an inmate of the Illinois Department of Corrections,[1] filed this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. The Complaint did not survive screening because Brown failed to state a claim for relief, and on April 6, 2020, the Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915A. (Doc. 10).

Brown was granted leave to file a First Amended Complaint on or before June 5, 2020. (Doc. 10, p. 2). Brown was warned that if he failed to submit a First Amended Complaint, this case would be dismissed with prejudice. (*Id.*, p. 3). The deadline to file a First Amended Complaint has passed. Brown has not filed a First Amended Complaint, nor has he requested an extension.

Accordingly**, IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for Brown's failure to comply with the Court's Order to file a First Amended Complaint and to prosecute his claim. Fed. R. Civ. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir.

---

[1] Plaintiff was released after filing this action. (Doc. 8).

1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). Further, because the Complaint failed to state a claim upon which relief may be granted, **this dismissal shall count as a strike for purposes of 28 U.S.C. 1915(g)**.

Brown is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Brown wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Brown plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Brown chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Brown may incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED.R.APP.P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

**DATED:  July 6, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**